**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0059-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ERIK JONES, a/k/a ERIC TAYLOR,

    Defendant-Appellant.

_____

Submitted June 6, 2018 — Decided August 13, 2018

Before Judges Alvarez and Nugent.

On appeal from Superior Court of New Jersey,
Law Division, Hudson County, Indictment No.
12-03-0471.

Joseph E. Krakora, Public Defender, attorney
for appellant (Andrew R. Burroughs, Designated
Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor,
attorney for respondent (Svjetlana Tesic,
Assistant Prosecutor, on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

    Defendant Erik Jones appeals the July 13, 2017 Law Division

order denying his petition for post-conviction relief (PCR). For

the reasons stated by Judge Patrick J. Arre, we affirm with only brief comments.

Defendant was indicted for first-degree murder, N.J.S.A. 2C:11-3(a)(1) or 2C:11-3(a)(2), second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a), and second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b). He was convicted of only the third count of the indictment. On November 22, 2013, defendant was sentenced to an extended term of twenty years subject to ten years parole ineligibility as a persistent offender, N.J.S.A. 2C:43-6(c) and 2C:44-3(d), among other reasons.

The State's key proofs at trial included a videotaped police interview of an eyewitness, G.L., inculpating defendant. G.L. refused to testify at trial. The court admitted the statement over defendant's objection after a pretrial hearing pursuant to N.J.R.E. 804(b)(9).

The State also presented the testimony of T.B., who was then in a relationship with defendant. She said that in late July 2011, around the time of the murder, defendant came to her apartment carrying a black or blue bag. T.B.'s description of it was similar to the bag G.L. said held the firearm defendant allegedly used on the night of the killing. Defendant left the bag in a closet in T.B.'s apartment. In his absence, she looked

inside and saw a handgun and some clothes. Defendant returned for it some hours later.

On defendant's unsuccessful direct appeal, he argued prosecutorial misconduct and that the court erred in its sentence. State v. Jones, No. A-3367-13 (App. Div. Mar. 28, 2016) (slip op. at 6-7). In a pro se brief, defendant challenged the sufficiency of the evidence supporting his conviction, and suggested the trial court should have "mold[ed] the jury verdict to one sustainable on the [proofs] adduced at trial, and impose [a] sentence within the third[-]degree range." Id. at 7 (second, third, and fourth alterations in original). The Supreme Court denied defendant's petition for certification. State v. Jones, 227 N.J. 38 (2016). Defendant's PCR petition followed.

During the PCR evidentiary hearing, the State called defendant's trial attorney and appellate counsel. Defendant's trial attorney then indicated that T.B. was subpoenaed but had not appeared. Judge Arre allowed defendant "to submit a proffer as to his request to present [T.B.'s] testimony," and would "consider [his] supplemental petition . . . and the State's supplemental brief." In the supplemental brief, defendant argued that T.B. should have been cross-examined about the nature of the object that she saw in the bag.

Trial counsel testified that she did speak to T.B. on the phone before trial, and that neither she nor defendant at any time questioned whether the item in the bag was a genuine firearm. Trial counsel also said she did not want to risk eliciting false testimony by flatly asking T.B. if she was certain the gun was real, as opposed to an imitation object "or even a water pistol" as PCR counsel contended. Although not entirely clear from defendant's proffer, it seems as if he intended to attack trial counsel's representation for failing to question T.B.'s testimony that the item was a handgun.

Now on appeal, defendant raises the following points:

POINT I
PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

(1) Trial counsel was ineffective by failing to cross-examine [T.B.] on what she observed in Defendant's bag.

(2) Trial counsel was ineffective by failing to argue during summation that the State did not prove beyond a reasonable doubt that Defendant possessed a handgun.

(3) Trial counsel failed to object to the trial court's erroneous and misleading jury instruction on possession of a handgun.

(4) Trial counsel was ineffective for failing to request a mistrial and ask the trial judge to recuse himself.

4

(5) Trial counsel's cumulative errors deprived Defendant of his constitutional right to effective assistance of counsel.

POINT II
AS THE PCR COURT WAS WRONG WHEN IT RULED THAT APPELLATE COUNSEL WAS NOT INEFFECTIVE AND THAT THE MATTER WAS PROCEDURALLY BARRED.

POINT III
THE PCR COURT ERRED BY FAILING TO PERMIT DEFENDANT TO PRESENT THE TESTIMONY OF T.B. . . . AT THE EVIDENTIARY HEARING.

We address defendant's third point first. The record does not support the claim that in any way the judge prevented defendant from calling T.B. as a witness. Although the State objected to her testimony, the judge deferred a decision on the objection until such time as T.B. appeared. She never appeared, and the judge therefore allowed defendant to make a written proffer regarding her proposed testimony.

With regard to defendant's second point, it is barred by Rule 3:22-5.[1] It was not ineffective for appellate counsel not to advance defendant's meritless argument that the court should have "molded" the jury's verdict to a third-degree conviction. Defendant in his pro se brief, however, did raise the issue, and we found the argument so lacking in merit as to not warrant

---

[1] Rule 3:22-5 bars from consideration arguments which were previously adjudicated.

A-0059-17T1

discussion in a written opinion.  Jones, slip op. at 7, 20; R. 2:11-3(e)(2).

Turning now to defendant's multi-part first point, Judge Arre correctly held that strategic decisions, such as those made by trial counsel regarding T.B.'s testimony, are not subject to attack by way of PCR.  See State v. Marshall, 148 N.J. 89, 312 (1997). Furthermore, given the trial context that counsel was defending a murder charge as well as a possession of a weapon for an unlawful purpose, her failure to cast doubt on the nature of the object was reasonable.  As Judge Arre noted, although counsel did not cast doubt through T.B. regarding the nature of the object, she certainly cast doubt on T.B.'s overall credibility and the reliability of her testimony.  Thus, this point lacks merit because it is not cognizable by way of PCR.

With regard to the objected-to trial judge's interactions with defendant, we note they occurred pretrial, during a break in the proceedings in the absence of the jury, and on one occasion in the presence of the jury when defendant audibly interjected while a defense witness was testifying.  The single instance that took place in the presence of the jury was not so egregious as to have affected the outcome.  Based on our review of the record, it is clear the judge's responses would not prejudice the jury.

The trial judge condensed the relevant Model Jury Charge for reasons not clear from the record, stating:

> The first element the State must prove beyond a reasonable doubt is that there was a handgun.
>
> And under our law a handgun is any pistol, revolver or firearm designed or manufactured to be fired by the use of a single hand. Okay?

The Model Charge provides two far more detailed options.

> [A] handgun is any pistol, revolver or other firearm originally designed or manufactured to fire or eject any solid projectile, ball, slug, pellet, missile or bullet, or any gas, vapor or other noxious thing, by means of a cartridge or shell or by action of an explosive or the igniting of flammable or explosive substances by the use of a single hand.
>
> (OR)
>
> [A] handgun is any pistol, revolver or other firearm in the nature of an air gun, spring gun or pistol of similar nature in which the propelling force is a spring, elastic band, carbon dioxide, compressed, or other gas or vapor, air or compressed air, or is ignited by compressed air, which was originally designed or manufactured to be fired by the use of a single hand and to eject a bullet or missile smaller than three-eighths of an inch in diameter, with sufficient force to injure a person.
>
> [Model Jury Charges (Criminal), "Unlawful Possession of a Handgun (N.J.S.A. 2C:39-5(b))" (rev. Feb. 26, 2001) (citations omitted).]

A-0059-17T1

We do not think the judge's condensed version had any significant effect on the outcome.[2]  The judge varied from the Model Jury Charge, but instructed the jury as to all the requisite elements of the crime.  Model jury charges are not "cast . . . in stone." State v. W.B., 205 N.J. 588, 621 (2011).  Although we do not endorse condensing a charge in this way, there was no suggestion at any time during the trial that the object T.B. saw in the bag and G.L. claimed he saw defendant employ was anything but a handgun.  Thus, the condensed version of the instruction served the purpose.

Finally, defendant claims the cumulative effect of counsel's errors warrants reversal of the judge's denial of PCR.  We disagree, as no error whatsoever was committed.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2]  We also note that this argument could have and should have been raised on the direct appeal and is arguably therefore barred by Rule 3:22-4.